IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OSCAR LEWIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:12-CV-572-TMH |
| ) | [WO] |
| ) | |
| QUALITY CORRECTIONAL HEALTH ) | |
| CARE, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 42 U.S.C. § 1983 complaint filed by Oscar Lewis ["Lewis"], an inmate confined at the Montgomery County Detention Facility, on July 3, 2012. In this complaint, Lewis challenges the medical treatment provided to him for an injury to his elbow.

Pursuant to the orders of this court, the defendant filed a written report supported by relevant evidentiary materials in which it addressed the claim for relief presented by Lewis. The report and evidentiary materials refute the self-serving, conclusory allegations presented by Lewis in the complaint. Specifically, these documents demonstrate that medical personnel did not act with deliberate indifference to Lewis' medical needs.

In light of the foregoing, the court issued an order directing Lewis to file a response to the defendant's written report. Order of August 17, 2012 (Doc. No. 10). The order advised Lewis that his failure to respond to the report would be treated by the court "**as an**

**abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Lewis for filing a response in compliance with the directives of this order expired on September 4, 2012. As of the present date, Lewis has failed to file a requisite response in opposition to the defendant's written report. The court therefore concludes this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear dismissal of this case is the proper course of action. Lewis is an indigent inmate. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Lewis's actions indicate a loss of interest in the continued prosecution of this case and the report filed by the defendant indicates that no violation of the Constitution occurred. Finally, Lewis has exhibited a lack of deference for this court and its authority as he has failed to comply with the directives of the orders entered in this case. It is therefore apparent that any additional effort by this court to secure his compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of his claim, his failure to comply with the orders of this court and his failure to properly continue prosecution of this case warrant dismissal.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that on or before **September 25, 2012**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 11th day of September, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE